FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHARLES H. R.,

   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

No.   2:18-CV-00051-SMJ

**ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for social security benefits. ECF No. 3. Plaintiff argues the ALJ erred in (1) assessing Plaintiff's claims about the severity of symptoms and (2) weighing the opinions of Plaintiff's examining medical sources. The Commissioner of the Social Security Administration asks the Court to affirm the ALJ's decision. ECF No. 8.

After reviewing the record and relevant legal authorities, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

//

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 1

## I. BACKGROUND[1]

On June 11, 2014, Plaintiff applied for Supplemental Security Income, alleging disability beginning October 1, 2012, which Plaintiff later amended to June 11, 2014. AR[2] 20. The Administration denied Plaintiff's claim initially and upon reconsideration, and Plaintiff requested a hearing. AR 20. ALJ R.J. Payne presided over a hearing in Spokane, Washington on August 31, 2016. AR 20. The ALJ issued a decision unfavorable to Plaintiff. AR 17–33. The Appeals Council denied Plaintiff's request for review. AR 1.

## II. ALJ FINDINGS[3]

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 11, 2014. AR 22. At step two, the ALJ found Plaintiff has the following severe impairments: depressive disorder, generalized anxiety disorder, personality disorder, and gender dysphoria. AR 22. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 23. At step four, the ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but has certain non-

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, which appears at ECF No. 9.

[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 20–22, and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process here.

exertional mental limitations. AR 25. Further, at step four, the ALJ found Plaintiff is unable to perform any past relevant work. AR 32. Finally, at step five, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform considering Plaintiff's age, education, work experience, and residual functional capacity. AR 32. Accordingly, the ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, since June 11, 2014. AR 33.

## III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

//

//

# IV. ANALYSIS

**A. The ALJ applied the proper legal standard and substantial evidence supports his decision.**

### 1. Evaluation of a claimant's symptom claims

Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, an ALJ "must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1112). A finding that the claimant's testimony is not credible must be sufficiently specific to allow the Court to conclude the ALJ rejected it on permissible grounds and did not discredit it arbitrarily. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

### 2. Evaluation of medical source opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.

2014) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (quoting *Lester*, 81 F.3d at 830). "While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Id.*

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (alteration in original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198).

### 3. Consequences of inadequate appellate briefing

The Court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (internal quotation marks omitted). The Court "cannot manufacture arguments for an appellant." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.

2003) (internal quotation marks omitted). "[A] bare assertion of an issue does not preserve a claim." *Id.* (internal quotation marks omitted). Thus, the Court "require[s] contentions to be accompanied by reasons." *Id.* at 930; *see also Giovannini v. Berryhill*, No. EDCV 17-1073 JC, 2018 WL 1588714, at *3 (C.D. Cal. Mar. 28, 2018) (collecting cases).

First, Plaintiff contends "the ALJ failed to provide specific findings with clear and convincing reasons for discrediting [Plaintiff's] claims." ECF No. 12 at 11. But Plaintiff provides absolutely no argument in support of this conclusory assertion. *Id.*

Second, Plaintiff contends "the ALJ did not afford proper weight to the examining sources as their true opinions as described below, but instead afforded undue weight to non-examining consultants." *Id.* at 12. Plaintiff's sole argument in support of this conclusory assertion claims "the non-examining doctor that testified at the hearing obviously did not review all of the medical records and exhibits in the case" because "[s]he was unaware of [Plaintiff]'s age" and "she did not read the treatment notes of [Plaintiff]'s treating counselor." *Id.*

Plaintiff does not identify which examining sources and opinions Plaintiff references in claiming the ALJ erred. *Id.* And, as the Commissioner correctly notes, "Plaintiff does not actually challenge any of the reasons the ALJ gave for discrediting the opinion[s] of [Plaintiff's examining sources]." ECF No. 13 at 7.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 6

Instead, Plaintiff challenges the ALJ's reliance on the opinion of a nonexamining, testifying medical expert. ECF No. 12 at 12.

Plaintiff emphasizes the fact that the medical expert erroneously stated Plaintiff was age forty-nine when Plaintiff was really age twenty-nine. *Id.* But Plaintiff cites no legal authority for the proposition that this simple mistake—which was immediately corrected at the hearing—made it reversible error for the ALJ to rely on the medical expert's opinion. *Id.*; *see also* AR 44.

Plaintiff also emphasizes the fact that the medical expert did not review a counselor's treatment notes at exhibit 12F. ECF No. 12 at 12. But those notes were not a part of the record at the time the medical expert testified. ECF No. 13 at 8; *see also* AR 37, 41–43, 45, 55, 494–98. Plaintiff's counsel did not even disclose the existence of those notes until the day before the hearing. AR 492–93. At the hearing, the ALJ pointed out that those notes were missing from the record. AR 41–42. Plaintiff's counsel told the ALJ exhibits 1A through 11F were "all the records"; "[t]here's nothing else." AR 42. But the ALJ eventually directed Plaintiff's counsel to provide those notes, which he did after the hearing. AR 55, 494–98.

Ultimately, Plaintiff's sweeping claim that the medical expert "obviously did not review all of the medical records and exhibits in the case" contradicts even Plaintiff's own statement of the case, which says "[t]here is no way to know if she read all the records in the case." ECF No. 12 at 8, 12.

Overall, Plaintiff's contentions are unsupported by cogent reasons with citations to the record and relevant legal authorities. Instead, Plaintiff merely supplies a subjective interpretation of the record, leaving the Court to piece together arguments for how the ALJ's decision might be wrong. *Cf. Indep. Towers*, 350 F.3d at 929. The Court declines to fill the void in Plaintiff's analysis by crafting arguments for how the ALJ's decision might be wrong.

### 4. The ALJ reasonably assessed Plaintiff's claims about the severity of symptoms.

After reviewing the record, the Court concludes substantial evidence supports the ALJ's findings because the record contains enough relevant evidence to persuade a reasonable person to view Plaintiff's symptom claims the way the ALJ did. In making his observations, the ALJ identified what parts of Plaintiff's symptom claims are not credible and what evidence undermines them. *See* AR 26–30. The ALJ's findings are sufficiently specific for the Court to conclude the ALJ rejected Plaintiff's symptom claims on permissible grounds and did not discredit them arbitrarily.

In sum, the ALJ gave specific, clear and convincing reasons for rejecting Plaintiff's claims about the severity of symptoms. The ALJ's decision on this issue was rational and Plaintiff's mere disagreement with it does not mean the Court should disturb it. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Luther v. Berryhill*,

891 F.3d 872, 875 (9th Cir. 2018) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Therefore, the ALJ applied the proper legal standard and substantial evidence supports his decision.

> **5.    The ALJ reasonably assessed the opinions of Plaintiff's examining sources.**

After reviewing the record, the Court concludes the ALJ provided specific and legitimate reasons for giving less deference to Plaintiff's examining source opinions. Additionally, substantial evidence supports the ALJ's reasons for doing so. The record contains enough relevant evidence to persuade a reasonable person to view Plaintiff's examining source opinions the way the ALJ did. The ALJ's decision on this issue was rational and Plaintiff's mere disagreement with it does not mean the Court should disturb it. Again, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Luther*, 891 F.3d at 875 (quoting *Burch*, 400 F.3d at 679). Therefore, the ALJ applied the proper legal standard and substantial evidence supports his decision.

In sum, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Plaintiff does not qualify for social security benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**2.** The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

**3.** The ALJ's decision is **AFFIRMED**.

**4.** The Clerk's Office is directed to **ENTER JUDGMENT** in the Commissioner's favor.

**5.** All pending motions are **DENIED AS MOOT**.

**6.** All hearings and other deadlines are **STRICKEN**.

**7.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day of February 2019.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 10